J-A19033-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RAY ALLEN MASSEY | : | |
| | : | |
| Appellant | : | No. 832 MDA 2021 |

Appeal from the Judgment of Sentence Entered June 8, 2021
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s): CP-21-CR-0002631-2020

BEFORE: BOWES, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED: SEPTEMBER 14, 2022**

Appellant, Ray Allen Massey, appeals from the judgment of sentence entered by the Court of Common Pleas of Cumberland County, which, sitting as finder of fact in Appellant's bench trial, found him guilty on one count of Driving Under the Influence—Controlled Substances, 75 Pa.C.S. § 3802(d)(2). We affirm.

On July 13, 2020, at 12:48 a.m., Pennsylvania State Police Troopers Paige Kulsa and David Highhouse observed Appellant driving 81 mph in a 65 mph zone on Interstate 81. The troopers followed Appellant as he continued at this rate of speed for the next five to eight minutes, until they activated their overhead lights and stopped Appellant. N.T. (Trial), 5/4/21, at 6.

---

[*] Former Justice specially assigned to the Superior Court.

Trooper Kulsa initiated the police-citizen encounter. Relying on her training in identifying intoxication during traffic stops, she noticed Appellant's glossy and bloodshot eyes, his dry mouth during speech, and the strong odor of marijuana emanating from inside the vehicle. N.T. at 5, 7, 8.

When she asked Appellant if he had recently smoked marijuana, Appellant offered a denial, N.T. at 9, and he exhibited no difficulty in producing his driving information. N.T. 13. Nevertheless, Trooper Kulsa suspected marijuana intoxication and asked Appellant to alight from the truck for Standard Field Sobriety Tests (SFSTs). When Appellant complied, the trooper immediately detected an odor of marijuana on Appellant's person. N.T. at 8.

First administered were three SFSTs, namely, the "Horizontal Gaze Nystagmus", "Walk-and-Turn", and "One-Leg Stand" tests. The trooper detected standard "clues"—deviant motions which suggest impairment—in the latter two tests. Specifically, five out of a possible eight clues were observed in the walk-and-turn, and one out of four possible clues, namely, loss of balance, was observed in the one-leg stand. N.T. at 10.

Based on the positive results, Trooper Highhouse administered two additional tests consistent with his Advanced Roadside Impaired Driving Enforcement (ARIDE) training,[1] namely, the "Convergence Test" (look at tip of one's own nose and return gaze forward) and the "Modified Romberg

_____

[1] ARIDE training focuses on the administration of tests designed for suspected DUI-Controlled Substances cases.

Balance Test". N.T. at 11, 18-22 Notably, Appellant's left eye failed to converge during the convergence test, which the trooper identified as another indication of drug-related—particularly marijuana—impairment. N.T. at 20. The Romberg balance test (head back, arms out, count to thirty) also produced marijuana intoxication clues of body and eyelid tremors. N.T. at 21 *See Commonwealth v. Hensley*, 276 A.3d 223 (unpublished memorandum) (Pa. Super. filed on March 9, 2022) (recognizing tremors as a clue for marijuana, as opposed to alcohol, intoxication). Finally, Appellant presented with a green tongue and red conjunctiva (eyes), further suggesting recent marijuana use, Trooper Highhouse testified. N.T. at 21.

Appellant was arrested on suspicion of DUI-Controlled Substances, 75 Pa.C.S. § 3802(d)(2) and transported to a local hospital, where he refused a blood draw. At Appellant's bench trial, the Commonwealth introduced the above-referenced evidence, and the trial court found Appellant guilty.

On June 8, 2021, the trial court sentenced Appellant to not less than 72 hours nor more than six months' imprisonment, plus costs and a $1,000 fine. After the trial court's June 26, 2021 denial of Appellant's post-sentence motions, Appellant filed a timely notice of appeal.

Appellant raises the following questions for this Court's consideration:

1. Was evidence sufficient to prove Massey was incapable of safely driving?

- 3 -

2. Was the verdict against the weight of the evidence where the officer made no observation of impaired driving and likewise failed to establish impairment?

Brief for Appellant, at 1.

Initially, we review whether Appellant has waived his claims by failing to comply with Pa.R.A.P. 1925(b). It is axiomatic that "in order to preserve their claims for appellate review, appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925. Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived." *Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005) (citation and brackets omitted).

Here, the certified record and corresponding docket sheet entries show that the trial court filed on July 9, 2021, a Rule 1925 order directing Appellant to file a concise statement of matters complained of on appeal, as follows:

> AND NOW, this 9th day of JULY, 2021, the defendant shall file of record and serve on this judge within twenty-one (21) days of today's date, a concise statement of errors complained of on appeal. Any issue not properly included in the concise statement timely filed and served pursuant to Rule 1925(b) shall be deemed waived.

Trial Court Pa.R.A.P. 1925 Order, 7/9/21. The order listed defense/appellate counsel as an intended recipient, and the docket sheet entry indicates the court's order was served upon defense counsel *via* eService.

There is no dispute that Appellant failed to serve a counseled Rule 1925(b) statement on the trial court as directed.[2]  Nevertheless, our review of the trial court's Rule 1925 order reveals that it failed to conform with the notice requirements of Rule 1925(b)(3)(iii), which states in relevant part that an order "shall specify . . . both the place the appellant can serve the Statement in person and the address to which the appellant can mail the Statement."  Pa.R.A.P. 1925(b)(3)(iii).[3]  The Note to Rule 1925 explains that

---

[2] On September 1, 2021, 54 days after entry of its Rule 1925(b) order, the trial court filed an order deeming Appellant's appellate issues waived for his failure to file a court-ordered Rule 1925(b) concise statement.

On December 6, 2021, Defense/Appellate counsel filed with the trial court a Rule 1925(b) concise statement acknowledging that counsel's office had received service of the court's July 9, 2021 order but explaining that an intraoffice "complete breakdown in communication" prevented counsel from learning of such service until December.  Counsel thus sought the trial court's acceptance of the belated concise statement.  By its order filed December 13, 2021, the trial court denied Appellant's counseled request.

[3] Rule 1925(b) was amended effective October 1, 2019, to provide:

(3) *Contents of order.* The judge's order directing the filing and service of a Statement *shall specify*:

(i) the number of days after the date of entry of the judge's order within which the appellant must file and serve the Statement;

(ii) that the Statement shall be filed of record;

(iii) that the Statement shall be served on the judge pursuant to paragraph (b)(1) and *both the place the appellant can serve the Statement in person and the address to which the appellant can mail the Statement.* In addition, the judge may provide an email,

*(Footnote Continued Next Page)*

"Subparagraph (b)(3) . . . specifies what the judge must advise appellants when ordering a Statement." The trial court's Rule 1925 order contains neither of these required statements.

Our appellate courts have recognized that an appellant's noncompliance with Rule 1925(b) only results in waiver when the trial court has complied with notice requirements of Rule 1925(b). **See**, **e.g.**, **Berg v. Nationwide Mutual Insurance Co.**, 6 A.3d 1002, 1011 (Pa. 2010) (plurality); **Rahn v. Consol. Rail Corp.**, 254 A.3d 738, 746-47 (Pa. Super. 2021). "[I]n determining whether an appellant has waived his issues on appeal based on non-compliance with Pa.R.A.P. 1925, it is the trial court's order that triggers an appellant's obligation . . . therefore, we look first to the language of that order." **Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.**, 88 A.3d 222, 225 (Pa. Super. 2014) (quoting **In re Estate of Boyle**, 77 A.3d 674, 676 (Pa. Super. 2013)). **See also Berg**, 6 A.3d at 1007-08; **Rahn**, 254 A.3d 745-746.

This Court's decision in **Rahn** is instructive. In **Rahn**, we held that the appellant's failure to serve a Rule 1925(b) statement on the trial court did not

---

facsimile, or other alternative means for the appellant to serve the Statement on the judge; and

(iv) that any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived.

Pa.R.A.P. 1925(b)(3) (emphasis added).

result in waiver because the trial court's Rule 1925(b) order omitted an address where the appellant could serve a copy of his statement on the trial court judge, information required by Rule 1925(b)(3)(iii).  **Rahn**, 254 A.3d at 746-47.  ***See also***, ***Commonwealth v. Alvin***, 1526 EDA 2021, 2022 WL 3149470 at *3-4 (Pa. Super. filed August 8, 2022) (unpublished memorandum) (holding waiver did not apply to defendant/appellant because trial court's 1925(b) order failed to inform where concise statement must be filed and provided no address at which appellant could serve the trial court judge with a copy of the statement);[4, 5] ***Reverse Mortgage Funding, LLC v. Russo***, 919 EDA 2020, 2020 WL 5890760 at *2-3 (Pa. Super. filed Oct. 5, 2020) (unpublished memorandum).

Herein, because the trial court's order did not conform with Rule 1925(b)(3)(iii)'s requirements, we conclude that Appellant's failure to file a

---

[4] ***See generally*** Pa.R.A.P. 126(b) (noting that unpublished memorandum decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

[5] In ***Alvin***, the PCRA court's Rule 1925(b) order in question contained virtually identical language to the order at issue herein.  Specifically, the order in ***Alvin*** stated:

> [I]t is hereby ordered that, within twenty-one (21) days of the date of this order, [Appellant] shall file of record and shall concurrently serve the undersigned with a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b)(1).  Any issue not properly included in such a statement timely filed and served pursuant to Rule 1925(b)(1) shall be deemed waived.

***Id.***, No. 1526 EDA 2021, 2022 WL 3149470, at *4.

timely Rule 1925(b) concise statement may not serve as grounds upon which to find Rule 1925 waiver.

Next, we address Appellant's challenge to the sufficiency of the evidence offered to prove DUI: Controlled Substances at Vehicle Code Section 3802(d)(2).

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all of the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Gause*, 164 A.3d 532, 540-41 (Pa. Super. 2017) (*en banc*) (citation omitted).

Although the finder of fact may make reasonable inferences from the testimony presented, the "inferences must flow from facts and circumstances proven in the record, and must be of such volume and quality as to overcome the presumption of innocence and satisfy the jury of an accused's guilt beyond a reasonable doubt." *Commonwealth v. Scott*, 597

A.2d 1220, 1221 (Pa. Super. 1991). "The trier of fact cannot base a conviction on conjecture and speculation and a verdict which is premised on suspicion will fail even under the limited scrutiny of appellate review." *Id*. Finally, "[b]ecause evidentiary sufficiency is a question of law, our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Diamond**, 83 A.3d 119, 126 (Pa. 2013).

> Section 3802(d)(2) prohibits a person from operating a vehicle when:
>
> "[t]he individual is under the influence of a drug or combination of drugs to a degree which impairs the individual's ability to safely drive, operate or be in actual physical control of the movement of the vehicle."

75 Pa.C.S.A. § 3802(d)(2). Therefore, to convict a defendant under this section, the Commonwealth must establish three elements: 1) that the defendant drove; 2) while under the influence of a controlled substance; and 3) to a degree that impairs the defendant's ability to drive safely. **Commonwealth v. Griffith**, 32 .3d 1231, 1239 (Pa. 2011).

Evidence of consumption of a drug, standing alone, is insufficient to prove impairment. **Commonwealth. v. Etchison**, 916 A.2d 1169, 1172 (Pa. Super. 2007) (reversing a DUI-controlled substance conviction when the only evidence of impairment was the presence of metabolites of cannabinoids in the defendant's blood and when an expert witness testified that the presence was not an indication of current impairment). Instead, impairment evidence should be drawn from the factual circumstances. **Commonwealth.**

*v. DiPanfilo*, 993 A.2d 1262, 1267 n. 5 (Pa. Super. 2010) (describing a hypothetical scenario in which an officer pulls over a suspect for driving erratically and encounters a cloud of marijuana smoke and typical signs of heavy marijuana use). *Cf Commonwealth v. Mobley*, 14 A.3d 887, 890 (Pa. Super. 2011) ("Evidence of erratic driving is not a necessary precursor to a finding of guilt under [Section 3802(a)(1)]. The Commonwealth may prove that a person is incapable of safe driving through the failure of a field sobriety test.").

Appellant contends he demonstrated unimpaired driving prior to the traffic stop and appropriately managed other tasks such as pulling over safely at the beginning of an off-ramp, providing his driving information, speaking, and stepping out of the vehicle. Under these facts, he argues, a Section 3802(d)(2) charge could not properly lie against him.

The Commonwealth refutes this argument, first countering that troopers observed Appellant traveling at 81 mph for approximately five to eight minutes before he was stopped. This protracted high rate of speed, the Commonwealth suggests, supplied evidence of unsafe driving and impaired judgment rendering him unable to safely operate his truck.

In any event, the Commonwealth maintains, Appellant's physical appearance during the traffic stop coupled with his failure of field sobriety tests, viewed either alone or in conjunction with the troopers' observation of his speeding, sufficed to support the conviction under Section 3802(d)(2).

Upon the initial police-citizen encounter, Appellant exhibited red, glossy eyes and a dry mouth, physical signs indicative of marijuana use. Field sobriety tests revealed Appellant's visual, coordination, and balance problems, as well as tremors, all of which are known to accompany marijuana intoxication. Further evidence contradicting Appellant's denial of marijuana use included the strong odor of marijuana on his person, his red conjunctiva (redness at the base of his eyes), and a green tongue, which, the troopers testified, commonly occurs with recent marijuana smoking.

Viewed in a light most favorable to the Commonwealth as verdict winner, the evidence established Appellant's recent use of marijuana, his impaired vision, balance, and coordination as exhibited in his field sobriety test performances, and his compromised judgment as reflected in his driving 81 mph in a 65 mph zone for five to eight minutes at nearly 1:00 a.m. Collectively, such evidence permitted a reasonable finder of fact to conclude that Appellant drove his vehicle at a time when his marijuana use impaired his ability to drive safely. *See Mobley*, *supra*; *Commonwealth v. Cruz*, 258 A.3d 523, unpublished decision at *3 (Pa. Super. filed June 14, 2021) (holding mere fact Cruz drove 20 mph over the speed limit was circumstantial evidence that he was incapable of safely operating his vehicle because, at that speed, he was not safely operating it; officer's testimony that Cruz was an

unsafe driver due to cannabis was thus reflected in the facts).[6]  Accordingly, guided by controlling authority discussed *supra*, we discern no merit to Appellant's sufficiency of the evidence challenge.

In Appellant's second issue, he purports to challenge the weight of the evidence offered against him.[7]  This Court's standard of review of a weight of the evidence claim is limited:

> A weight of the evidence claim concedes that the evidence is sufficient to sustain the verdict, but seeks a new trial on the ground that the evidence was so one-sided or so weighted in favor of acquittal that a guilty verdict shocks one's sense of justice.  On review, an appellate court does not substitute its judgment for the finder of fact and consider the underlying question of whether the verdict is against the weight of the evidence, but, rather, determines only whether the trial court abused its discretion in making its determination.

***Commonwealth v. Lyons***, 79 A.3d 1053, 1067 (Pa. 2013) (citations omitted).  The fact finder is free to believe all, some, or none of the evidence presented. ***Commonwealth v. Jacoby***, 170 A.3d 1065, 1078 (Pa. 2017) (citations omitted).

---

[6]  ***See*** Pa.R.A.P. 126(b) (unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

[7] Initially, we note Appellant properly preserved his weight claim in his post-sentence motion pursuant to Pa.R.Crim.P. 607 (A)(1)-(3) (a challenge to the weight of the evidence must be raised before the trial court either before sentencing or in a post-sentence motion).

> This Court will not find an abuse of discretion
>
> based on a mere error of judgment, but rather ... where the [trial] court has reached a conclusion which overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. Importantly, [this C]ourt should not find that a trial court abused its discretion merely because [we] disagree[ ] with the trial court's conclusion. Indeed, "when reviewing the trial court's exercise of discretion, it is improper for [this C]ourt to 'step[ ] into the shoes' of the trial judge and review the evidence *de novo*." In other words, [this C]ourt "may not disturb a trial court's discretionary ruling by substituting its own judgment for that of the trial court."

**Commonwealth v. Gill**, 206 A.3d 459, 467 (Pa. 2019) (citations and some quotation marks omitted).

Initially, our review of Appellant's argument shows that he presents only a bare assertion that "Troopers Kulsa and Highhouse's opinion that [he] was incapable of safe driving was based on mere subjective factors that do not scientifically correlate to levels of impairment." Brief of Appellant at 26. Setting aside the observation that the argument appears directed more to the sufficiency of the evidence than to the weight of the evidence, we find the claim is waived pursuant to Pa.R.A.P. 2119(a) because Appellant neither

develops this contention in any meaningful way nor supports it with relevant authority.[8, 9]

Affirmed.

Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/14/2022

_____

[8] Pa.R.A.P. 2119 requires that:

> The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

Pa.R.A.P. 2119(a).

Claims may be waived under Rule 2119(a) for failure to cite to relevant case law or to otherwise develop issues in a meaningful fashion capable of review. *See Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) (indicating that "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived" (citations omitted)).

[9] Even if we were to address Appellant's weight of the evidence claim on its merits, we would acknowledge that the trial court was free to credit the testimonies of the state troopers with respect to Appellant's manner of driving, physical presentation, and performances in both the SFST and the marijuana-specific ARIDE tests. *Gill*, *supra*. We would find, therefore, that Appellant's weight claim is devoid of merit.